No. 21,323.

ELIZA WATSON et al., *Appellees*, v. SARAH E. JONES, Revived in the name of MRS. C. H. WILLIAMS et al., *Appellants.*

#### SYLLABUS BY THE COURT.

TAX DEED — *Procured by Heir of Deceased Landowner — Amounted to Redemption—Benefit of Cotenants.* A landowner died after his land had been sold to the county for delinquent taxes. Subsequently a tax-sale certificate was issued and assigned, and a tax deed was issued and recorded. A few days later one of the heirs took a quitclaim deed from the tax-deed holder. *Held,* the purchase of the tax title amounted to a redemption which inured to the benefit of the purchaser's cotenants.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed July 6, 1918. Affirmed.

*W. B. Ham,* of Stockton, for the appellants; *C. W. Smith,* of Stockton, of counsel.

*F. E. Young,* of Stockton, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for partition of land among the widow and heirs of the deceased former owner. The daughter of the deceased by a first wife claimed sole ownership under a tax deed. This daughter, who resided in Pueblo, Colo., and who will be referred to as the defendant, was awarded a cotenant's share, with a lien for taxes, and appeals.

The land belonged originally to William Watson, a nonresident of the state, who died intestate in 1895. The land was sold to the county in 1893 for the delinquent taxes of 1892. In May, 1898, the tax-sale certificate was assigned to D. M. Campbell, of Pueblo, Colo., who on May 31, 1898, took out and recorded a tax deed. On June 6, 1898, Campbell quitclaimed to the defendant, who withheld her deed from record until August, 1912. At the time of William Watson's death the land was unoccupied, and it continued to be unoccupied until the year 1911, when his widow leased to a tenant who farmed a portion and cut hay from the remainder for a period of three years. The action was commenced in February, 1914.

The court found that the dealings between Campbell and the defendant were collusive, but the finding is not important. William Watson died with his obligation to pay taxes on the land unfulfilled. The land descended to his heirs, who became owners in fee simple charged with the same obligation which rested on their ancestor. No one of the heirs could have taken an assignment of the tax-sale certificate and a tax deed, and thereby cut off the title of his cotenants, and no one of them could reach by indirection an end he could not reach directly.

The defendant says that Rooks county had taken title to the land by purchase before her father's death, and had fully settled all obligations of William Watson to contribute to the public revenues. The statement is incorrect. Because the land could not, in fact, be sold to some one who would advance the taxes, it was bid off, according to the formalities of the tax law, in the name of the county. The taxes, however, were not paid. The deficiency in the public revenues was not made up. The obligation to contribute to those revenues was not discharged. The tax-sale certificate was written up and assigned, and the tax deed was issued to Campbell because of the neg-

lected duty of the defendant and her cotenants, and when the defendant purchased the tax title she merely redeemed the land from tax sale.

If Campbell had taken and held title under such circumstances that redemption from him became foreclosed, and the title of all former owners became completely extinguished, a different question would be presented. He held title just six days.

The defendant claims the benefit of constructive possession conferred by a tax deed, and of the statute of limitations shielding tax deeds from attack. The purchase of the tax title, with all the rights attending it, inured to the benefit of the defendant's cotenants. As against them, the tax deed in her hands amounted to no more than a redemption receipt.

There is nothing new in the case. It is the old story of one tenant in common trying to use the tax-title method to defeat the estate of cotenants, and the judgment of the district court is affirmed.